**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS MORALES, | No. 14-16484 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00591-DLB |
| v. | |
| KAREN CRIBBS; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding**

Submitted February 24, 2016***

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Jose Luis Morales, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging access-to-

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       Morales consented to proceed before a magistrate judge. *See* 28
U.S.C. § 636(c).

\*\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

courts, retaliation, and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Morales's access-to-courts claims because Morales failed to show that his inadequate access to the prison law library and insufficient legal research materials caused the denial of his federal habeas petition or application to file a successive habeas petition. *See Lewis v. Casey*, 518 U.S. 343, 348 (1996) (access-to-courts claim requires showing that the defendants' conduct caused actual injury to a non-frivolous legal claim); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

The district court properly dismissed Morales's retaliation claims because Morales failed to allege facts sufficient to show that defendants took any adverse action against him because of his protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of a retaliation claim in the prison context); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must present factual

allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by denying Morales's motion for reconsideration under Federal Rule of Civil Procedure Rule 59(e) because Morales failed to establish any ground warranting such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

Morales's motion, filed on August 22, 2014, is denied.

**AFFIRMED.**

14-16484